**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ALEXANDER MESSINA, et al.,

                                Plaintiffs,                      **ORDER**
                -against-                                               CV 06-2058 (DLI) (JO)

STEVENS APPLIANCE TRUCK CO., et al.,

                                Defendants.
-----------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

Plaintiffs Alexander and Lori Messina filed this personal injury action against defendants Stevens Appliance Truck Co. ("Stevens") and New Haven Moving Equipment Corporations ("NHMEC") in the Supreme Court of the State of New York, County of Queens, on November 21, 2005. On April 12, 2006, Stevens alone filed a notice of removal pursuant to 28 U.S.C. § 1446 seeking to remove the case to this court. After reviewing the removal notice, I summarily remanded the case to the state court because Stevens had failed to establish this court's subject matter jurisdiction. *See Messina v. Stevens*, 2006 WL 1062415 (E.D.N.Y. Apr. 13, 2006). In particular, Stevens had not then established that the amount in controversy exceeded $75,000, as required if this court were to exercise its diversity jurisdiction. *Id*. As I noted at the time, however, the jurisdictional problem was not the only defect in the notice of removal:

> A further question about the propriety of removal in this case is raised by Stevens' silence regarding the status of its codefendant, NHMEC. The face of the Complaint suggests that the latter party was served via the Secretary of State of Connecticut. If NHMEC has been served, then Stevens may not remove the case to this court without the consent of its codefendant even if it can establish a basis for federal diversity jurisdiction. If the state court docket suggests that NHMEC has not yet been served, then Stevens need not obtain its consent but should have noted that fact in its removal notice.

*Id.*, 2006 WL 1026415, at *2 n.2; *see, e.g.*, *Chicago, R. I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900) ("it was well settled that a removal could not be effected unless all the parties on the same side of the controversy united in the petition"); *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 2006 WL 1233937, *6-*7 (S.D.N.Y. May 9, 2006) ("courts have consistently interpreted 28 U.S.C. § 1446 as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity'") (citing *Owczarek v. The Austin Co.*, 2004 WL 625273, *1 (W.D.N.Y. Feb. 11, 2004); *Smith v. Kinkead*, 2004 WL 728542, * 2-3 (S.D.N.Y. April 5, 2004); *Payne v. Overhead Door Corp.*, 172 F. Supp.2d 475, 476-77 (S.D.N.Y. 2001); *Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp.2d 188, 193 (S.D.N.Y.1999)).

Upon remand, Stevens took appropriate action to determine the amount in controversy and thereupon filed a second notice of removal. Docket Entry ("DE") 1. In that second notice, however, Stevens once again failed to say anything about whether NHMEC had been served or had consented to the removal. When I raised that problem at the conference in this case following the second removal, I learned that NHMEC had in fact been served with the Complaint. Stevens' counsel represented that it acted with the consent of NHMEC's principal, but I resisted relying on that representation as the company itself had not yet appeared in the litigation through counsel and could not affirmatively consent do anything in this litigation without the assistance of counsel. *See* DE 7 (minute order dated June 19, 2006); *see also Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, *172 (2d Cir. 2001) (corporation may only appear through counsel); *Powerserve Intern., Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) ("'a

layperson may not represent a corporation'") (quoting *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir.1997)).

NHMEC eventually appeared through counsel, first at a telephone conference at which time its counsel was not yet sufficiently familiar with the case to have a position on Stevens' attempt to remand the case, DE 8, and then again at a conference before me today. DE 11. At that most recent conference, NHMEC took the position that it does *not* consent to Stevens' removal. As a result of that decision, all of the parties agree that the case must again be remanded to the state court. *Id*. No party suggested that my order of remand should require Stevens to make payment of "just costs and any actual expenses, including attorney fees, incurred as a result of" Stevens' two improvident attempts at removal. *See* 28 U.S.C. § 1448(c). I decline to order such relief *sua sponte*.

For the reasons set forth above, and with the consent of all parties, I order this action summarily remanded to the state court in which it was filed pursuant to 28 U.S.C. § 1446(c)(4).

**SO ORDERED:**

Dated: Brooklyn, New York
      June 29, 2006

                                  /s/ James Orenstein
                                  JAMES ORENSTEIN
                                  United States Magistrate Judge